Cowart vs. Chaffee, Croft & Chaffee.

---

JOSEPH W. COWART, sheriff, plaintiff in error, vs. CHAFFEE, CROFT & CHAFFEE, defendants in error.

1. Service of summons of garnishment on the defendant in execution is not a ground of which the sheriff can avail himself in an answer to a rule against him to show cause why he should not pay the money due on the *fi. fa.*

2. The evidence was sufficient to authorize the court to hold that the title to the execution was in the movants.

Rule against officer. Sheriff. Garnishment. Before Judge HERSCHEL V. JOHNSON. Emanuel Superior Court. October Term, 1873.

This case arose upon a *rule nisi*, at the instance of Chaffee, Croft & Chaffee, requiring Joseph W. Cowart, sheriff of Emanuel county, to show cause why he should not pay over the principal, interest and costs, on certain executions in favor of the movants against J. J. Moring.

The respondent answered that he had not paid over to the movants the money due on the executions aforesaid, because he had been served with process of garnishment at the instance of McMurphy & Company, and of Applegate & Company, requiring him to answer what effects he had in his hands belonging to Neil McLeod, the transferree of the same; and for the further reason that the defendant, J. J. Moring,

Cowart *vs.* Chaffee, Croft & Chaffee.

had been served with similar process, at the instance of the same parties. Respondent states that he is, ready, at any time, to apply the money due on said executions in such way as the court may order and direct.

The issue thus formed was submitted to the court without the intervention of a jury.

Movants denied that Neil McLeod was the owner of said executions, and introduced an assignment of the same as, collaterals, from said McLeod to them, and a reassignment to him, as their agent, for the purpose of collecting the amounts due thereon.

The respondent introduced the affidavit of McLeod, that he was the owner and holder of said executions by due and legal assignment.

It further appeared that the garnishments had been served as set forth in the answer of the sheriff.

The court certifies "that in considering the question of the true ownership of the *fi. fas.*, I believed that the deed of assignment from Chaffee, Croft & Chaffee to Neil McLeod, as agent to collect the same, was a full explanation of McLeod's affidavit, in which he swore that he was the assignee or transferree of said *fi. fas.* as to his fiduciary character in reference thereto."

The court ordered a rule absolute to issue, and the respondent, McMurphy & Company and Applegate & Company, excepted, upon the following grounds :

1st. Because the court erred in not ordering the judgment of McMurphy & Company *vs.* Neil McLeod to be paid from said money.

2d. In not ordering the sheriff to hold a sufficiency of said money to meet the debt of Applegate & Company.

3d. In allowing a rule absolute before defendant in *fi. fa.* had answered the garnishment.

4th. In not making such disposition as would secure McMurphy & Company and Applegate & Company against loss.

The bill of exceptions is not clear as to whether the respondent (the sheriff) was not the sole excepting party. This

statement is necessary, as a strong appeal was made by the defendants in error for damages for delay, and this uncertainty as to who were the real plaintiffs in error influenced the court in refusing the same.

JOSEPHUS CAMP ; M. B. WARD ; CAIN & POLHILL, by Z. D. HARRISON, for plaintiffs in error.

H. D. D. TWIGGS, for defendants.

TRIPPE, Judge.

1. It cannot be a matter of interest to the sheriff, or one affecting his duty as to paying over to a plaintiff in execution the money raised on his *fi. fa.*, that the defendant in execution has been served with a summons of garnishment.  If the sheriff has the money in his hands already collected, as appears in this case, the defendant does not owe the debt any longer, and he even could not be reached by garnishment. The contest seems really to have been whether the movants were the owners of the executions, or one McLeod.  The sheriff, in his answer, states that he had been served with garnishment to answer what he had in his hands belonging to McLeod.  The creditors of McLeod who had judgments against him, claimed that the *fi. fas.* on which the motion was founded did not belong to defendants in error but to McLeod, and asked that the money in the hands of the sheriff should be paid to their claims against McLeod.  Thus the issue was simply who owned the *fi. fas.* on which the money in the hands of the sheriff was raised?  This issue was left to the court, without the intervention of a jury, and the judge decided, under the evidence, that the *fi. fas.* belonged to the movants.

2. In looking through the evidence we find sufficient to sustain the decision of the court.

Judgment affirmed.